**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30407
Summary Calendar

CHARLOTTE T. LITTLE,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-267-T)

February 19, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charlotte Little applied for disability benefits in 1989 on the basis of a back injury she suffered in 1980 while working as a licensed practical nurse. The administrative law judge (ALJ) denied her application after concluding that Little was not disabled within the meaning of the Social Security Act.[2] Upon

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] 42 U.S.C. § 1381 et seq.

further review, both the magistrate judge and the district court affirmed the ALJ's findings. Little now appeals the district court's grant of summary judgment in favor of the Commissioner.

We review the denial of disability benefits only to discern whether the ALJ applied the correct legal standards, and whether the decision is supported by substantial evidence on the record as a whole.[3] Although we review the entire record, we may not re-weigh the evidence or substitute our judgment for the ALJ's.[4]

The ALJ employs a five-step analysis to determine whether a claimant is disabled.[5] At step 1, a claimant must not be working or engaging in substantial gainful activity. At step 2, a claimant is not disabled if he or she does not have a severe impairment. At step 3, a claimant is considered disabled if his or her severe impairment meets or equals an impairment listed in Appendix One of the regulations. At step 4, a claimant will be considered not disabled if he can perform past relevant work. At step 5, if the claimant cannot perform past relevant work, other factors, such as post-work experience and residual functional capacity, are considered to determine if work found in the national economy can be performed, in which case the claimant is considered not disabled.

---

[3] *Orphey v. Sec. of Health and Human Services*, 962 F.2d 384, 386 (5th Cir. 1992).

[4] *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

[5] 20 C.F.R. § 404.1520 (1997).

In the case at bar, the ALJ concluded that Little was not disabled at step 5. We have thoroughly reviewed the record, and have determined that the ALJ applied the correct legal standards en route to reaching a conclusion that is supported by substantial evidence. Even though the ALJ heard testimony that militated in favor of a finding that Little was disabled, it was within the ALJ's province to weigh the credibility of competing witnesses.[6] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[7] The ALJ's decision in this case reflects his skepticism of Little's credibility; such skepticism is supported by substantial evidence.

AFFIRMED.

---

[6] See *Paul* at 211.

[7] See *Arkansas v. Oklahoma*, 503 U.S. 91 (1992).